May it please the Court, Jill Gensling on behalf of the appellant, Petitioner DeWong Potts, and I would like to reserve two minutes for rebuttal, if possible. Good morning. Good morning. Petitioner's burden in this case is extremely low, as it was intended to be by the Supreme Court. This is a step one FASN analysis, and Petitioner needs show only that the facts and circumstances would permit the trial judge to draw an inference of discrimination. Well, I think that the heart for me, the difficulty I have with your argument is that the information that was elicited from juror number 2405 showed that she had a recent experience, personal experience, with witness misidentification, and that was one of the keys in the trial in this case. And that's not racial in any way. People misidentify. There's lots of literature about eyewitnesses and so on and so forth. I have difficulty seeing under any standard how that doesn't sort of end the analysis. Well, because I think there are certain factors. And also, weren't they both cross-racial identifications? I mean, her experience was a white misidentified her son. Her son's experience was, although she did not raise the race issue, it was the prosecutor. No, no, no. I know. But when you're looking at the facts in terms of what you look at, and the issue in the case where she was called to be a juror was also a cross-racial identification of a white person identifying a black person. And I mean, anyone that's done eyewitness cases knows that there are experts out there that also talk about cross-racial identification having a higher percentage of misidentification than saying race. That is correct, Your Honor. But Juror 2405 was adamant that she did not know if race was an issue in her case. She was directly asked several times if her son, and again, it was her son's experience, not hers, would affect her. She said no. She said it the first time. Well, that means that she can't be excused for cause, but that's not what we're looking at. And, of course, people are very attached to their children, and so an unpleasant experience from one's child can be more powerful, not less, than one's own experience. So we're not looking at cause. We're looking at whether the situation that confronted the prosecutor would permit an inference of discrimination as distinct from somebody's had a bad experience with the very issue in my case. Well, first, I would remind the Court that this Court and the Supreme Court have repeatedly stated that even if it appears from the record that there were good reasons for the strike, we cannot speculate, and that cannot negate an inference of discrimination that's never won. If there is one, and that's the problem. And I think the problem is that because she was so clear and unequivocal that it would not affect her credibility, and then when the prosecutor challenged her for cause, he said the exact opposite. He said her son had an incident with misidentification, and she said it would leave her with an affect, when four times she said it would not leave her with an affect. Well, her son did have a situation of misidentification because he was the one that was misidentified. So it's the same. But she indicated that that would not affect her consideration of the case. And if you compare her to her ---- But wait.  And I have, Your Honor. Okay. People can tell you, and I'm sure you've used a few peremptory challenges in your day, people can tell you it wouldn't bother them. But how do people really know how it's going to when they actually are jurors? And experienced prosecutors and defense counsel most often have experienced situations where sometimes in the middle of trial, a juror will even say, I didn't think this would bother me, but it's really bothering me now. The problem that I have is that we had a juror who falsely accused someone on the basis of the mistake was racial, of assaulting him. He thought the person who assaulted him was white. It was actually a black person who confessed to the crime. He said that belief continued to affect him to this day. He had always believed that he would be suspicious of racial ---- I'm sorry, of eyewitness identifications made under those circumstances. Nine lines of transcript later with no follow-up questions, no attempt to discern whether that juror's experience would impact his consideration of the case, the prosecutor instead chose to struck a juror who stated that her son's experience would not affect her. She was clear and unequivocal about that. The Supreme Court in Miller v. Dredge stated that when you have a juror, an African-American juror who's being repeatedly questioned and repeatedly saying, it won't affect me, I will be impartial, and you have non-African-American jurors who are expressing a bias that cuts against the prosecution, who are not questioned, not followed up, and they are accepted, and the African-American juror is struck. Kagan, would you have a better prima facie case if the prosecutor had struck other African-American jurors? I realize that the only other one had been excused for cause, so that's not in the peremptory. I don't think so, Your Honor. This Court has made clear in Crittenden and Collins that when if you have a better prima facie case, if they had stricken, if there weren't any more, I mean, that obviously would be a better case for a prima facie case. If there were three African-American jurors and one had gone for cause and the prosecutor had already stricken another one in a peremptory and then struck the juror 2450, you don't think you'd have a better prima facie case? Your Honor, this Court has said that. Wouldn't you love to have that to throw out there? Of course, I'd love to have that case, but this Court has said in Collins that the Court can consider. I mean, I'm not saying that doesn't mean you don't have an argument, but that would be a better case. And I understand that, Your Honor. And of course, I'd love it if there were 15 African-American. Well, I wouldn't love it. That would be very disturbing, but it would be a better case if there were more. But the lack of diversity in the jury pool is a factor that justifies closer consideration of the strike. This is what the Court said in Collins. But it's not enough that the juror was African-American. That all by itself does not create an inference of discrimination or pretext. The additional fact is that that really seems to be the only thing here. To me, there's the two other things. There's the comparative juror analysis. Well, those other jurors, I mean, I guess that's maybe where we differ. To me, those other two jurors seem to have very different experiences. Well, Your Honor, the And none recent, and none as close to the bone as having your son held in prison overnight. This Court has made clear that for comparative juror analysis, the jurors do not have to be identical for meaningful comparison. Sotomayor, I think that being a victim of a crime and falsely or mistakenly accusing an innocent person is, has an equal ability to impact your assessment of the reliability of eyewitness identification as being the mother of a son who was misidentified. They both have a likelihood that the juror might be suspicious of a witness's identification based, when that was the only evidence in this case. And we have a juror who explicitly said, I do not trust that type of evidence. I am suspicious of it. Counsel, if Judge Gould, if I could interject a question. Yes, Your Honor. This would be a very easy case if the Court went past Batson's step one, considered evidence and made a finding of no discrimination. As I understand, your argument is just that the Court should have gone past step one because there was a prima facie case. Exactly, Your Honor. And I'd like you to elaborate. I'm interested in that issue, and I'd like you to elaborate on the precedents in our circuit that suggest this is not a very high barrier. The Supreme Court stated it in Johnson v. California. This Court has stated it in Crittenden and Ali v. Hickman. Crittenden was a case in which this Court found where the jurors had only somewhat analogous views, and the juror who was struck was actually more favorable to the prosecution than the non-struck jurors, that a prima facie case was raised. In United States v. Collins, this Court reiterated that it's a low burden and that it was incumbent upon the Court to hold an evidentiary hearing for the Petitioner to – I'm sorry, for the prosecutor to state his reasons. In Williams v. Runnels, a case that the Respondent cited in his brief, this Court held that it was incumbent upon the Court to remand for an evidentiary hearing for the prosecutor to state his reasons. Johnson v. Finn, there's all of the precedent that states that this Court cannot speculate and say, well, it looks from the record it would have been a really good reason because of her son's experience to strike her. What matters are the actual reasons, and the prosecutor has to be required to state them, and there needs to be a judge, a magistrate, or district judge to evaluate the credibility of the prosecutor's explanation before there can be a determination of whether or not that explanation is pretentious. Sotomayor What do you make of the fact that in Tolbert, we held that the question of whether the person established a prima facie case is a factual finding as to which we have to give a presumption of correctness if it's supported by the record? Kagan Your Honor, Tolbert was decided under AEDPA, and this case is not being decided  Sotomayor I think it was pre-AEDPA. Well, it was decided in 1990. Kagan I don't believe it was a de novo review case. In this case, and this Court has been clear that when the the case was decided under pre-AEDPA law, we gave deference to factual findings, did we not? Kagan The judge's factual findings Sotomayor Answer the question first. Under pre-AEDPA law, did we give a presumption of correctness to factual findings? Kagan Yes, Your Honor, but I would like to explain. Sotomayor So why doesn't that apply here, pre-AEDPA? Kagan First, because I don't believe the judge made factual findings because he did not ask the prosecutor to state his reasons. Sotomayor That's not the question, because the question of whether there's a prima facie case is itself a factual finding. Kagan Well, I believe it's a legal finding, because whatever facts he found in making that determination, he used the wrong legal standard. He assessed those facts under California's Wheeler standard, which is more stringent than what the Equal Protection Clause implies. Kagan I guess I'm similarly stuck here on that the district court concluded that Mr. Potts had not raised an inference of discrimination.  Kagan It's de novo, Your Honor, and that's undisputed among the parties, that we're reviewing the entire case de novo. Sotomayor If it is not a factual finding, we review the case de novo, but factual findings are still entitled to a presumption of correctness. So what it comes down to is the question of whether the State court's decision as to no prima facie case is or is not a factual determination, because if it is a factual determination, pre-AEDPA, it's still entitled to deference. If it's not factual, then it isn't. So that seems to be a narrow issue. Kagan All I can say to the Court is that repeatedly in Crittenden, in Collins, in the cases I've cited in my brief, the State courts found that there was no prima facie case, and this Court, because those State courts had used the Wheeler standard in California, found that those findings were not entitled to deference because the raw data was there. Kennedy Counsel, Judge Gould, if I could interject this. It's settled, isn't it? Agreed between all the parties that the State court applied the wrong standard, applied the Wheeler standard instead of the Raven inference standard, that the State court thought that there had to be a strong inference of discrimination. So therefore, just as one judge, I don't see the argument that there was a finding that there's no inference of discrimination in the State court. I agree, Your Honor, but it is undisputed that the State court used the wrong standard, a standard that has been held by the Supreme Court to be constitutionally infirm. And so the State court has never passed on the issue of whether Petitioner has met raised an inference of discrimination as the Supreme Court has defined that term. Okay. Now, the district court said there was no inference of discrimination. But that we would know for, correct? Correct, Your Honor. And I believe Petitioner responded and agrees with that as well. Thank you. We've asked a lot of questions, so you may have a minute for rebuttal. Thank you. I appreciate that, Your Honor. May it please the Court, Deputy Attorney General Rahm Emanuel, on behalf of Respondent Could you speak a little louder? Sure. Thank you. I'm not getting the microphone, sorry. Good morning. Good morning. The prosecutor in this case did not violate Petitioner's constitutional rights by exercising a peremptory challenge against one of two African-American jurors that were on this case. I would urge this Court to look at a similar case from the circuit, Wade versus Terhune. In that case, the prosecutor had exercised a peremptory challenge against one African-American juror after he had already exercised two peremptory challenges against non-African-American jurors. In this case, and one of the facts that goes to the totality of relevant facts that this Court must look at to see if there's an inference of discrimination, is that the prosecutor exercised peremptory challenges against four other jurors in this case. And I would further argue that 2405 was unique in the sense that no other juror in the veneer expressed the type of issues that she had regarding misidentification with her son. And I would respect that. One of the things that counsel for appellant was saying, and why isn't the prosecutor's misstatement that juror 2405 said her recent experience would affect her when, in fact, she had said that it would not affect her, sufficient to raise an inference of discrimination? Because that, as we argued in the brief, it was a misstatement. It appears to be a misstatement by the prosecutor. I don't know why it happened. I wouldn't speculate. But it did not affect the subsequent peremptory challenge. You have to look at the totality of what happened. That happened, that discussion, where it's quoted in the reporter's transcript as not, it would have an affect, that was done in the challenge for cause. And the court denied that challenge. Later, when it was brought up, in the peremptory challenge, it was not further discussed. So I wouldn't speculate what was in the prosecutor's mind when he said that. But it did not have any bearing on whether there was a permissible inference of discrimination, because the facts, other than juror 2405 being African-American, as the district court correctly found, there was nothing else to show discrimination. And we would argue that the prosecutor in this case would have, you know, I think been derelict in his duty not to exercise a peremptory challenge against this juror, given the fact that she had such a recent negative experience with her own son being misidentified, and cross-racial identification being the key issue in this case. Counsel, Judge Gould, if I could ask you a question on that. Clearly, if the court went beyond Batson step one, and asked the prosecutor for reasons the prosecutor said, what you just said, there would be not much of an issue. There'd be no issue. But why don't you, if you could please address very specifically, in terms of Supreme Court and Ninth Circuit precedent, like how we view when the court has to go beyond Batson step one? What is necessary for a prima facie case? Well, what is necessary, according to U.S. Supreme Court precedent, and precedent from this circuit is that there has to be a permissible inference of discrimination in order for it to go beyond step one. If you do not have that inference, there's no need to go beyond that. That's what the trial court found here. This court has called that a low threshold, citing Johnson. And it is, but it's not a threshold. When you say what the trial court found, though, are you talking about the state court? Yes. Because the state court said there's not a strong likelihood of discrimination using the incorrect Wheeler standard. That is correct, Your Honor. But I'm saying what the trial court, when it denied the Wheeler motion, the implication in that denial is that there was no inference of discrimination when the trial judge made that call. And as the U.S. Supreme Court has said, and that's in the seminal case here, is that trial judges are in the best position to make these calls. They're there, they're conducting the voir dire, and the U.S. Supreme Court says they're more than capable of making those decisions. And I would argue, based on Juror 2405's, although the trial court did deny the challenge for cause, that the prosecutor in no way showed any discrimination, discriminatory intent when he dismissed Juror 2405 on a peremptory challenge, after he had already exercised four peremptory challenges against non-African American jurors. Okay. Thank you. Is there any case that says when someone says they would not be affected, is either a prosecutor or a defense attorney required to accept that when someone says, well, you know, I mean, is it possible that people could have the good faith belief that they wouldn't be affected, but the prosecutor or the defense could feel because of the nature of the facts of the case that they're just not comfortable? Yes, Your Honor. In fact, Wade v. Terhune, the African American juror, one of them, Ms. Rutherford, who was excused, had a previous experience where she was a passenger in a vehicle that was stopped for DUI. She said that would not affect her ability, but this Court stated that that did not have to be believed by the prosecutor and defense counsel. You have to look at what else happened. Now, was that prima facie case, or was that in the hearing part of it? That was a prima facie case. So that was a step one case. So that's very similar to this case. This is step one. And just because Juror 2405 said that she would not be affected by her recent experience with her son being misidentified doesn't mean that the prosecutor, defense counsel, or the trial court, for that matter, had to accept it. In fact, she, it was such an issue to Juror 2405 that she was the only juror in the entire panel that requested a sidebar to discuss an issue like this. The other jurors that opposing counsel referred to as having some problems with misidentification were different. They discussed it in open court. Those were Jurors 5417 and 1612. And their experiences were in the distant past. I mean, one happened 20 years prior to the voir dire, and the Juror 50, I'm sorry, Juror 1612, it happened when he was in junior high school. So do you think that requesting a sidebar is something that's significant in assessing what the step one? I would, yes, I do think it's significant in this case, because as the district court found, it suggested that that issue was still emotionally charged for Juror 2405, that she felt the need to discuss it at sidebars, opposing to discuss it in open court. Like the other jurors who had intellectual cautiousness over misidentification, they were able to do it in open court with no problem. So I would just like to conclude for the reasons set forth in the district court's decision, this court should affirm the denial of the habeas petition. And also, I would respectfully urge this Court to deny Petitioner's request for an evidentiary hearing, and unless there are other questions, I would submit on the extensive briefing in this case. I don't believe that we have any further questions. No questions here. Thank you. Ms. Kinzling, we'll restore a minute for you. First, Your Honor, I would point out that Wade v. Terhune was decided before the Supreme Court in Johnson v. California that even if it appears from the records that there would have been good reasons for the strike, that that doesn't matter. What matters are the actual reasons for the strike. This Court clarified later in Johnson v. Finn that even if you look at the record and it looks like there are good reasons for the strike, that cannot be used to negate an inference of discrimination at Step 1. It only comes into play at Steps 2 and 3. With respect to the mischaracterization of the juror's testimony, this Court has found in Ali, the Supreme Court found in Miller, L., that when the prosecutor says something that is the direct opposite of what a juror said, that is evidence of discriminatory pretext. Why isn't it actually evidence of what the prosecutor's concern is, that it would affect her, rather than that the prosecutor was discriminatory?  I understand that, but isn't that a key sort of to what his thinking or her, I can't remember now, his or her thinking was, rather than intentional? Well, as Respondent said, we don't know why he said that. You'd have to ask him, and that's all I'm asking this Court to do, is to remand so that we can ask him. What he said misstated the record. And what this Court said in Ali v. Hickman is when the prosecutor's stated reasons are directly contradicted by the record, a finding of pretext is compelled. I'm not asking the Court to find pretext, because we're not there yet. All I'm asking the Court to do is find the very low burden of a prima facie case so the prosecutor can explain himself.  Thank you. Thank you. Thank you. The case just argued is submitted.
judges: Graber, Gould, Callahan